## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ALLEN HAMMER AND SHELBY HAMMER, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 7:21-cv-00249 |
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a), Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, hereby removing this action from the 385th Judicial District Court of Midland County, Texas to the United States District Court for the Western District of Texas, Midland-Odessa Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiffs Allen Hammer and Shelby Hammer ("Plaintiffs") and Safeco, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

### I.
### INTRODUCTION

This dispute arises out of Plaintiffs' claim for storm damage to residential property located at 4008 Radcliff Court, Midland, Texas 79707 under a homeowners insurance policy issued by Safeco. In their Original Petition, Plaintiffs assert claims against Safeco arising out of Safeco's handling of Plaintiffs' insurance claim.

On November 11, 2021, Plaintiffs filed their Original Petition in the District Court 318th Judicial District Court of Midland County, Texas, naming Safeco as the sole

defendant. Safeco was served with a citation and a copy of Plaintiffs' Original Petition on December 2, 2021 through its registered agent for service of process. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' Original Petition on Safeco and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

### A.   THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.

Removal is proper because there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(a). Plaintiffs are individuals domiciled in Midland County, Texas. *See* Exhibit C, Plaintiffs' Original Petition, ¶ 1 ("[Plaintiffs] are the 'insured and owners of their residence and homestead located at 4008 Radcliff Ct. Midland, TX 79707.'") Thus, for diversity purposes, Plaintiffs are citizens of Texas. Safeco is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. For diversity purposes, Safeco is a citizen of Indiana and Massachusetts. Accordingly, there exists complete diversity of citizenship between the parties.

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

There are two ways a defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). First, a defendant can establish that the amount in controversy exceeds $75,000.00 by demonstrating that it is "facially apparent" from the petition at issue that the claim likely exceeds $75,000.00. *See Tovar v. Target Corp.*, No. SA04CA0557XR, 2004 WL 2283536, at *1 (W.D. Tex. Oct. 7, 2004) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, a defendant can demonstrate

that the amount in controversy exceeds $75,000.00 by setting forth the facts in controversy in the removal petition. *Id*.

First, Safeco can demonstrate that it is facially apparent from Plaintiffs' Original Petition that the amount in controversy exceeds $75,000.00 because Plaintiffs allege that Safeco has failed to pay an appraisal award totaling $141,011.22, Replacement Cash Value ("RCV") and $140,063.54, Actual Cash Value ("ACV"). Exhibit C, ¶ 17-21. As the result of this alleged underpayment, Plaintiffs assert causes of action for breach of contract, violations of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing. Exhibit C, p. 12-14. Plaintiffs seek actual damages, treble damages, damages for emotional distress, statutory penalty interest pursuant to the Texas Insurance Code, exemplary damages, and attorney's fees and costs. *Id*. at p. 18-20. Thus, it is apparent from the face of the petition, given the nature of causes of action asserted and the types of damage sought (including treble damages and exemplary damages as multipliers) that the amount in controversy can easily exceed $75,000.00.

Safeco can also carry its burden by demonstrating that the amount in controversy exceeds the $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). One such type of summary judgment evidence is a pre-suit demand letter. *Gutierrez v. Allstate Texas Lloyd's*, Civ. A. No. EP–16–CV–315–PRM, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017). On or about April 23, 2021, Plaintiffs served a pre-suit demand letter pursuant to the Texas Insurance Code in which they allege a "total currently due" of $189,769.96. *See* Exhibit B.

## III.
## <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

Filed concurrently with this Notice of Removal is a completed civil cover sheet and supplemental civil case cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT A –** Index of all documents filed in state court;

- **EXHIBIT B** – Plaintiffs' pre-suit demand letter; and

- **EXHIBITS C to C-3** – A copy of each document filed in the state court action.

Pursuant to Section 28 U.S.C. §1446(d), Safeco will serve written notice of the filing of this Notice of Removal on all adverse parties promptly after the filing of same, and will file a true and correct copy of this Notice of Removal with the Court Clerk of the 385th Judicial District Court, Midland County, Texas promptly after filing of same.

## IV.
## <u>CONCLUSION AND PRAYER</u>

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-styled action now pending in the 385th Judicial District Court of Midland County, Texas be removed to the United States District Court for the Western District of Texas, Midland-Odessa Division. Defendant requests all such other and further relief to which it is justly entitled.

Respectfully submitted,


*/s/ Mark D. Tillman*

MARK D. TILLMAN
State Bar No. 00794742
MICHAEL C. DIKSA
State Bar No. 24012531

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com
mike.diksa@tb-llp.com

**ATTORNEYS FOR DEFENDANT**
**SAFECO INSURANCE COMPANY**
**OF INDIANA**

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on December  29, 2021, a true and correct copy of the above and foregoing instrument was served *via facsimile or electronic service* upon:

**ATTORNEYS FOR PLAINTIFFS**
Todd M. Hurd
State Bar No. 24025443
Email: t.hurd@texasattorneylaw.com
TODD HURD & ASSOCIATES
PO Box 1741
Burleson, Texas 76097
Telephone: 817.426.4529
Facsimile: 817.426.8159

Juliana E. Morris
State Bar No. 24026356
juliana@morristexaslaw.com
LAW OFFICE OF JULIANA MORRIS
611 E. Main St., Suite 200-136
Midlothian, Texas 76065
Telephone: (817)-415-0999

Christopher G. Lyster
State Bar No. 12746250
chris@lysterlaw.com
LYSTER & ASSOCIATES, PLLC
6300 Ridgela Place, Suite 610
Fort Worth, Texas 76116
Telephone: (817)-738-7000
Facsimile: (8l7)-900-3331

*/s/ Mark D. Tillman*
MARK D. TILLMAN